FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

SEP 0 3 2026

KEVIN P. WEIMER, Clerk
By: [signature] Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUSTIN AAMIR ADKINS,**<br>Plaintiff,<br>v.<br>**CHURCH OF SCIENTOLOGY INTERNATIONAL; CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION; CHURCH OF SCIENTOLOGY OF GEORGIA; and DEBBIE BENK, individually and as an agent,**<br>Defendants. | ) | Civil Action No. 1:26-CV-4376-MHC |

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Justin Aamir Adkins, proceeding pro se, moves under Fed. R. Civ. P. 56(a) for summary judgment on liability, or partial summary judgment under Fed. R. Civ. P. 56(g), on the portions of his claims established by the record. Plaintiff submits the accompanying Declaration of Material Facts and Exhibits 1–10.

## I. RELIEF REQUESTED

Plaintiff requests that the Court:

1. Determine that Plaintiff had a documented, paid training and auditing relationship supported by Exhibit 4;
2. Determine that Plaintiff performed substantial obligations and that Defendants accepted payment and performance;
3. Determine that Defendant Benk refused Plaintiff's written request to withdraw or correct the communication concerning his access to auditing;
4. Determine that the communication and resulting denial of services constitute evidence of contractual impairment;
5. Determine that Plaintiff may proceed under 42 U.S.C. § 1981 if the Court finds that the

admissible record establishes intentional racial or ancestry-based impairment and but-for causation;

6. Alternatively, enter partial summary judgment establishing the undisputed facts under Fed. R. Civ. P. 56(g) and reserve intent, causation, comparative treatment, damages, and disputed defenses for trial; and

7. Deny summary judgment to Defendants on any ground that depends on disputed contract formation, agency, scope, or application of an arbitration provision.

## II. GOVERNING STANDARD

Summary judgment is proper only when "there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) A declaration may support or oppose summary judgment only when based on personal knowledge, containing admissible facts, and made by a competent witness. Fed. R. Civ. P. 56(c)(4)

The Court may consider cited record materials, including documents, electronically stored information, and declarations. Fed. R. Civ. P. 56(c)(1) The Court may establish facts that are not genuinely disputed even when the motion does not dispose of the entire case. Fed. R. Civ. P. 56(g)

## III. ARGUMENT

### A. The record establishes a documented contractual relationship.

Exhibit 4 identifies Plaintiff's training plan, leave of absence, financial commitment, schedule, completed coursework, requested services, and anticipated training path. It also contains an approval notation dated April 22, 2015. Exhibit 4_JustinAdkins FullyApproved contract for training to a Professional Field Auditor.pdf

Plaintiff's declaration further establishes that he paid for training and auditing-related services, participated in the program, and relied on Defendants' acceptance and approvals. These facts support the existence of an enforceable contractual arrangement or, at minimum, create a triable

issue concerning contract formation and performance.

**B. The record establishes an impairment of the relationship.**

Exhibit 1 contains Plaintiff's request that Ms. Benk withdraw prior communications and Ms. Benk's written response: "At this time, I am not sending a new telex to Flag withdrawing my communication." Exhibit 1_theMissing Data proving innocence.pdf

The same exhibit concerns a communication stating that Plaintiff should receive no more auditing and should train and return to Georgia. Exhibit 1_theMissing Data proving innocence.pdf Plaintiff's contemporaneous December 2015 report records that he was told he could no longer receive further processing and must only train and return. Exhibit 7_ThingsThatShouldntBe.pdf

At minimum, these materials establish a genuine factual basis for Plaintiff's contention that Defendants impaired his access to paid contractual services.

**C. Plaintiff's § 1981 claim requires proof beyond the presently established facts.**

Section 1981 protects the same right to make and enforce contracts as white citizens, including contractual performance and enjoyment of benefits. 42 U.S.C. § 1981 In Saint Francis College v. Al-Khazraji, 481 U.S. 604 (1987), the Supreme Court held that § 1981 reaches intentional discrimination based on ancestry or ethnic characteristics.

Plaintiff alleges that Defendants knew he was a Black African American man with an ethnically distinctive name and that race or ancestry was a but-for cause of the contractual impairment. Under Comcast Corp. v. National Ass'n of African American-Owned Media, 589 U.S. 327 (2020), however, Plaintiff must ultimately prove that race was the but-for cause of the injury, not merely one motivating factor.

Exhibit 3b provides limited racial context because it expressly discusses Black people and whites. Exhibit 3b_MessageForBlack People.pdf Exhibit 3a is Plaintiff's interpretation and is not a Defendant's admission. Exhibit 3a_Plaintiff's observation of the Intention.pdf

The current record does not conclusively establish discriminatory intent or but-for causation.

Plaintiff therefore requests either:

- summary judgment if the Court finds the evidence sufficient; or
- partial summary judgment establishing contractual impairment while reserving discriminatory intent, comparative treatment, causation, and damages for trial.

**D. Comparative treatment requires discovery.**

Plaintiff relies on David Gentile's letter as evidence concerning a training-related transaction and comparative treatment. Exhibit 6_David Gentile Ltr(1).pdf The letter does not conclusively establish Mr. Gentile's race, his precise contractual relationship, the services he received, or that he was similarly situated.

Because comparative treatment is material to intent and pretext, Plaintiff requests that the Court deny final summary judgment on the § 1981 claim without permitting discovery, or defer ruling under Fed. R. Civ. P. 56(d) if Defendants possess the relevant records.

**E. Plaintiff's contract claim presents fact issues concerning formation, performance, and breach.**

The CSW and approvals support Plaintiff's contention that:

1. a paid contractual relationship existed;
2. Plaintiff performed or substantially performed;
3. Defendants accepted payment and performance; and
4. Defendants impaired the promised training and auditing cycle.

Exhibit 2 also contains organizational language concerning respect for training and experience and the right to send persons for training or processing and have them returned without disturbed group loyalty. Exhibit 2_The Rights of the Field Auditor.pdf Plaintiff offers that exhibit as evidence of written organizational representations and expectations, not as an independent statutory source of liability.

The evidence establishes, at minimum, triable issues concerning the contracting parties, contract

terms, breach, causation, and damages. Plaintiff requests partial summary judgment only on facts the Court finds undisputed.

**F. The present record does not support judgment on emotional-distress damages as a matter of law.**

Plaintiff alleges that the challenged conduct caused severe emotional distress. The attached documents show Plaintiff's reports and communications but do not conclusively establish the legal elements or amount of an intentional-infliction claim. Plaintiff therefore requests that the Court reserve this claim for trial rather than enter judgment based solely on the present documentary record.

**G. Later communications do not automatically revive the 2015 claim.**

Plaintiff does not contend that Exhibits 5, 9, 9A, or 10 automatically restart the limitations period. Later discrete acts ordinarily must be timely challenged independently. See National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002).

Those exhibits may be relevant, subject to admissibility, to notice, continuing contractual dispute, later conduct, and Defendants' knowledge. Exhibit 9 shows 2026 correspondence concerning Plaintiff's submissions; Exhibit 9A shows a 2026 petition; and Exhibit 10 shows continuing communication concerning books. Exhibit 9_Continuing hostility, harrasment and tortious conduct.pdf Exhibit 9a.pdf Exhibit 10.pdf

Plaintiff relies on later events only to the extent they constitute independent timely conduct or admissible evidence of notice and knowledge.

**H. Arbitration cannot be resolved without proof of agreement, formation, and scope.**

Plaintiff disputes the existence, formation, enforceability, and scope of any arbitration agreement. The Court must determine whether the parties agreed to arbitrate the particular claims before compelling arbitration. 9 U.S.C. § 4

Plaintiff does not seek to avoid a valid arbitration agreement through pleading labels. He requests

discovery and judicial determination of:

- the complete agreement;
- the contracting parties;
- Plaintiff's assent;
- the clause's scope;
- whether it covers § 1981 claims;
- whether it binds Defendant Benk individually; and
- whether later conduct falls within the clause.

## IV. REQUEST FOR RULE 56(d) RELIEF

If the Court determines that discovery is necessary, Plaintiff requests relief under Fed. R. Civ. P. 56(d), including time to obtain:

1. Plaintiff's payment and account records;
2. the complete CSW and approval records;
3. all Benk-to-Flag communications;
4. records concerning the decision to restrict Plaintiff's services;
5. records concerning Mr. Gentile and comparable trainees;
6. policies and agreements governing the training relationship;
7. arbitration documents; and
8. records concerning later decisions affecting Plaintiff.

## V. CONCLUSION

Plaintiff respectfully requests that the Court grant summary judgment on the undisputed contractual and adverse-action facts, enter partial summary judgment under Rule 56(g), permit discovery concerning discriminatory intent, comparative treatment, causation, damages, and arbitration, and grant such other relief as is just.

Respectfully submitted this 3 day of September, 2026.

**Justin Aamir Adkins**
Plaintiff, Pro Se
542 Creek Stone Lane
Stone Mountain, Georgia 30087
Telephone: (678) 587-8412
Email: support@gracecovenantministries.org