**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**JUSTIN AAMIR ADKINS,**

**Plaintiff,**

**v.**

**CHURCH OF SCIENTOLOGY INTERNATIONAL, CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, CHURCH OF SCIENTOLOGY OF GEORGIA, and DEBBIE BENK, individually and as an alleged agent of the Church,**

**Defendants.**

**CIVIL ACTION FILE**

**NO. 1:26-CV-4376-MHC**

# ORDER

This case comes before the Court on pro se Plaintiff Justin Aamir Adkins's Motion for Order Authorizing Alternative Service of Process ("Mot. for Alternative Service I") [Doc. 7], Updated Motion for Leave to Effect Alternative Service of Process on Defendant Debbie Benk ("Mot. for Alternative Service II") [Doc. 14], and Motion for Summary Judgment [Doc. 8].

# I. DISCUSSION

## A. Motions for Alternative Service

In the first motion for alternative service, Plaintiff seeks an order authorizing service on Defendant Church of Scientology International ("CSI") through its legal department. Mot. for Alternative Service I at 1. However, Defendants CSI, Church of Scientology Flag Service Organization, and Church of Scientology of Georgia (collectively, the "Church Defendants") filed an Acknowledgement of Service [Doc. 9] that the Church Defendants received service of process on September 9, 2026. Consequently, Plaintiff's Motion for Order Authorizing Alternative Service of Process [Doc. 7] is **DENIED AS MOOT**.

In the second motion for alternative service, Plaintiff requests authorization to serve Defendant Debbie Benk at her residence, at her corporate office, or by certified mail. Mot. for Alterative Service II at 4. Plaintiff also asks that the "Court determine whether service accepted by the Church of Scientology of Georgia, Inc., constitutes service on Ms. Benk in her individual capacity." Mot. for Alterative Service II at 1. A filing on the docket indicates that Ms. Benk was served by leaving a copy of the summons "with Jackie Ellis, Insurance Coordination in charge of the office and doing business of said corporation." This does not appear to be proper service on the individual.

Under Rule 4(e) of the Federal Rules of Civil Procedure, service upon an individual within the judicial district may be accomplished by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e). To the extent Plaintiff seeks this Court's permission to serve Defendant Benk in a manner not authorized under Rule 4(e), that motion is **DENIED**.

### B. Motion for Summary Judgment

Plaintiff filed a motion for summary judgment prior to any defendant being served with the Amended Complaint in this case. Plaintiff's motion for summary judgment is premature because Defendants have not yet filed their answers, and discovery has not begun in this case. See, e.g., Smith v. Fla. Dep't of Corrs., 713 F.3d 1059, 1064 (11th Cir. 2013) ("Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his

opposition."). Moreover, the Church Defendants have filed a motion to dismiss [Doc. 17]. See Daker v. Owens, No. 6:14-cv-47, 2021 WL 1606052, at *2 (S.D. Ga. Feb. 9, 2021) (finding that a motion for summary judgment should be denied as premature because discovery had not yet begun and there was a pending motion to dismiss), adopted by 2021 WL 983136 (S.D. Ga. Mar. 16, 2021); Blumel v. Mylander, 919 F. Supp. 423, 429 (M.D. Fla. 1996) (finding that a motion for summary judgment was brought prematurely when discovery had not yet begun, a motion to dismiss was pending, and the defendant had not yet answered the complaint). Accordingly, Plaintiff's Motion for Summary Judgement is **DENIED AS PREMATURE**.

## II. CONCLUSION

For the above reasons, it is hereby **ORDERED** that Plaintiff's Motion for Order Authorizing Alternative Service of Process [Doc. 7] is **DENIED AS MOOT**, Plaintiff's Updated Motion for Leave to Effect Alternative Service of Process on Defendant Debbie Benk [Doc. 14] is **DENIED**, and Plaintiff's Motion for Summary Judgment [Doc. 8] is **DENIED AS PREMATURE**.

**IT IS SO ORDERED** this 14th day of October, 2026.

Mark H. Cohen

MARK H. COHEN
United States District Judge